1

2

3

4

5       **UNITED STATES DISTRICT COURT**

6       **EASTERN DISTRICT OF CALIFORNIA**

7

8   **LEONARD BROWN, JR.,**                    **CASE NO.  1:12-CR-0357 AWI**
                                               **(Civil Case No. 1:16-CV-0920 AWI)**
9               **Petitioner,**

10          **v.**                             **ORDER ON PETITIONER'S MOTION
                                               TO LIFT STAY**
11  **UNITED STATES OF AMERICA,**

12              **Respondent.**                (Doc. No. 39)

13

14

15          On June 24, 2016, relying on *Johnson v. United States*, 135 S.Ct. 2551 (2015), Petitioner

16  filed this petition for relief from sentence under 28 U.S.C. § 2255.  <u>See</u> Doc. No. 36.  On July 6,

17  2016, the Court stayed this case pending resolution of three cases before the Ninth Circuit:

18  *Gardner v. United States* (9th Cir. Case No. 15-72559), *Jacob v. United States* (9th Cir. Case No.

19  15-73302), and *United States v. Begay* (9th Cir. Case No. 14-10080).  <u>See</u> Doc. No. 38.  On

20  October 31, 2016, Petitioner filed a motion to lift stay.  <u>See</u> Doc. No. 39.  For the reasons that

21  follow, Petitioner's motion will be denied.

22          *Petitioner's Arguments*

23          Petitioner argues that he was sentenced to a 120 month term of imprisonment based on his

24  classification as a "career offender" under the sentencing guidelines.  The "career offender"

25  designation was based on convictions for forcible escape being classified as "crimes of violence"

26  under Sentencing Guideline 4B1.2(a).  However, in light of *Johnson*, forcible escape no longer

27  qualifies as a "crime of violence," and Petitioner can no longer be classified as a "career offender"

28  under the guidelines.

Petitioner argues that, although the Supreme Court has heard arguments in the case of *Beckles v. United States* (Supreme Court Docket No. 15-8544), and *Beckles* addresses *Johnson*'s application to Sentencing Guideline 4B1.2(a), the Ninth Circuit has rejected stays pending the decision in *Beckles*.  In *Gardner* and *Jacob*, the Ninth Circuit had issued stays pending *Beckles*, but later lifted those stays.  In its orders, the Ninth Circuit noted that *Johnson* announced a new substantive rule that has retroactive effect.  Additionally, district courts within this circuit have refused to stay cases pending *Beckles* because the petitions challenge an unconstitutional confinement and it is unclear when or if the Supreme Court will issue a decision in *Beckles*.

Finally, Petitioner argues that the issuance of a long stay pending *Beckles* or *Begay* constitutes an unconstitutional suspension of habeas corpus that is not justified by judicial efficiency.  In *Yong v. INS*, 208 F.3d 1116 (9th Cir. 2000), the Ninth Circuit found a five month stay was improperly "indefinite" because it would terminate upon the resolution of another case on appeal, and that case could remain open for years if it was reversed and remanded.  Here, *Beckles* was only recently argued, and the Supreme Court could decide to dismiss the writ as improvidently granted, issue a splintered opinion with no clear majority, or be evenly divided.

### *Respondent's Opposition*

Respondent argues that the stay should remain in place because the Supreme Court has now heard arguments in *Beckles*, and the issues to be resolved in that case are relevant here.

Respondent also argues that Petitioner's positions are unpersuasive.  First, the Ninth Circuit's actions in *Gardner* and *Jacob* did not address the appropriateness of a stay in the district court.  Second, *Yong* is distinguishable.  The stay in *Yong* had the potential to last through a number of unknown appeals and to continue for years.  Because of that potential indefinite duration, a heightened standard was required.  Here, a decision in *Beckles* will likely be made in Spring 2017.  Third, Petitioner has not explained how he would suffer any real prejudice from a stay, whereas the government has over 100 cases in the Fresno Division of the Eastern District of California that involve "crime of violence - career offenders" under Guideline 4B1.2(a).  Finally, if the Supreme Court dismisses the writ as improvidently granted, then the stay could likely be lifted, and even a "fractured opinion" would be provide guidance in deciding the issues at hand.

1    *Discussion*

2    The Court stayed this case following suggestions from the Ninth Circuit in other cases that

3    a stay may be appropriate until *Gardner*, *Jacob*, and *Begay* had been ruled upon.  See Doc. No. 38.

4    *Gardner* and *Jacob* both involve "*Johnson* challenges" to Guideline 4B1.2(a).  As the

5    parties acknowledge, the Ninth Circuit has lifted stays in *Gardner* and *Jacob*, granted permission

6    to file a subsequent § 2255 petition, and remanded the matters to the district courts of the Western

7    District of Washington and the District of Oregon, respectively.  Gardner v. United States, 2016

8    U.S. App. LEXIS 19295 (9th Cir. Aug. 1, 2016); Jacob v. United States, 2016 U.S. App. LEXIS

9    16775 (9th Cir. Aug. 1, 2016).  Therefore, *Gardner* and *Jacob* are no longer pending before the

10   Ninth Circuit, and no opinion in those cases from the Ninth Circuit can be reasonably anticipated.

11   Therefore, *Gardner* and *Jacob* are no longer a sound basis for a stay in this matter.

12   In *Begay*, the key issue on appeal is whether the "crime of violence" provision of 18

13   U.S.C. § 924(c)(3)(B) is unconstitutionally vague under *Johnson*.  See Doc. No. 55 in United

14   States v. Begay, Ninth Circuit Case No. 14-10080.  That is not an issue in Petitioner's petition.

15   Instead, Petitioner's petition rests entirely on a "*Johnson* challenge" to Guideline 4B1.2(a).  See

16   Doc. No. 36.  Therefore, *Begay* is not a sufficient basis to keep this case stayed.

17   Although the Court does not find that *Gardner*, *Jacob*, and *Begay* justify a continued stay

18   in this case, Respondent correctly points out that *Beckles* does.  In *Beckles*, "the [Supreme] Court

19   is expected to decide whether Johnson applies to sentences imposed under the residual clause of

20   the Guidelines' career-offender provision and, if so, whether that rule applies retroactively to cases

21   on collateral review."  United States v. McCandless, 841 F.3d 819, 821 (9th Cir. 2016).  Given the

22   issues under consideration, the Supreme Court's decision in *Beckles* would directly affect the

23   Petitioner's petition.  Because of the potential dispositive effect, there is value in staying this

24   matter until *Beckles* is decided.  See Blow v. United States, 829 F.3d 170, 172-73 (2d Cir. 2016);

25   United States v. Yancy, 2017 U.S. Dist. LEXIS 1549 (D. Nev. Jan. 4, 2017).

26   Petitioner makes several arguments against a stay pending *Beckles*.  First, Petitioner

27   correctly points out that the Ninth Circuit lifted the stays in *Gardner* and *Jacob*.  Because *Gardner*

28   and *Jacob* had been stayed pending resolution of *Beckles*, Petitioner contends that the Ninth

1   Circuit's lifting of the stays reflects a disapproval of stays pending *Beckles*.   However, the Ninth

2   Circuit's unpublished orders in these cases are very brief.   The orders lifted the stays, granted

3   permission to file a subsequent § 2255 petition based on a prima facie showing under *Johnson*,

4   and remanded the cases for further proceedings.   See Gardner, 2016 U.S. App. LEXIS 19295 at

5   *1-*2; Jacob, 2016 U.S. App. LEXIS 16775 at *1-*2.   The orders neither prohibited nor spoke to

6   a district court's ability or discretion to issue a stay of its own.   See id.   The Ninth Circuit's silence

7   on the district court's ability to issue a stay is not the equivalent of a prohibition.

8           Petitioner also points out that a number of courts within the Ninth Circuit have denied

9   stays pending *Beckles*.   E.g. Nedrow v. United States, 2016 U.S. Dist. LEXIS 148453 (W.D.

10  Wash. Oct. 26, 2016).   However, numerous courts within the Ninth Circuit have granted stays

11  pending a decision in *Beckles*.   E.g. Yancy, 2017 U.S. Dist. LEXIS 1549 at *2-*4; United States v.

12  Beaty, 2016 U.S. Dist. LEXIS 174760 (D. Alaska Dec. 19, 2016); Grant v. United States, 2016

13  U.S. Dist. LEXIS 150464 (D. Ariz. Oct. 31, 2016); United States v. Khatib, 2016 U.S. Dist.

14  LEXIS 97755 (N.D. Cal. July 14, 2015).   There is also a division among the circuit courts of

15  appeal.   Some circuit courts have held that a stay pending *Beckles* should not occur, while others

16  hold that a stay should be issued.   Cf., e.g., United States v. Smith, 2016 U.S. App. LEXIS 19934

17  (10th Cir. Nov. 4, 2016) (granting a writ of mandamus and ordering the district court to dissolve a

18  stay) with Blow, 829 F.3d at 172-73 (permitting a successive § 2255 petition but instructing the

19  district court to stay proceedings); In re Patrick, 833 F.3d 584, 589 (6th Cir. 2016) (same); In re

20  Hoffner, 2016 U.S. App. LEXIS 18338, *2 (3d Cir. July 21, 2016).   Given this divide within the

21  federal judiciary as a whole, that some courts are denying stays is not in and of itself persuasive.

22          Petitioner also relies on *Yong v. INS*.   In *Yong*, the district court issued a stay pending

23  resolution of an appeal in another case.   See Yong, 208 F.3d at 1119.   The Ninth Circuit reversed

24  and vacated the stay.   See id. at 1121.   Although the stay had "lasted only five months" by the time

25  the Ninth Circuit issued its opinion, the Ninth Circuit found that the stay as crafted by the district

26  court was indefinite in nature because there was the possibility of the Supreme Court reversing

27  and remanding the other case.   Id. at 1119-21.   In other words, there was a chance that the other

28  case would be stuck within the appellate system for an unknown number of years.   See id.   Given

1   the indefinite duration of the stay, a greater showing than usual was needed to justify it.  See id.

2   As relevant here, the district court in *Yong* relied on judicial economy and an absence of prejudice

3   to Yong to justify the stay.  The Ninth Circuit did not accept either justification.  See id. at 1119-

4   20.  First, the Ninth Circuit noted that, because of the special considerations associated with writs

5   of habeas corpus, especially a district court's duty to resolve such motions expeditiously, it had

6   never authorized an indefinite and potentially lengthy stay in a habeas case on the bases of judicial

7   economy.  See id. at 1119-21.  Second, the Ninth Circuit found that Yong could have to wait a

8   significant period of time before his claims and issues were finally adjudicated, and the stay at

9   issue would not materially affect the INS.  See id. at 1121.

10      As applied to this case, the Court does not find that *Yong* requires the Court to lift the stay.

11  See United States v. Mumphrey, 2016 U.S. Dist. LEXIS 170814, *3 (D. Nev. Dec. 8, 2016)

12  (rejecting the argument that *Yong* would prohibit a staying pending *Beckles*); United States v.

13  Taylor, 2016 U.S. Dist. LEXIS 154148, *8-*9 (D. Ariz. Nov. 4, 2016) (same).  Given the issues

14  raised in this case and in *Beckles*, judicial efficiency strongly favors waiting for the Supreme Court

15  to issue its decision.  In re Embry, 831 F.3d 377, 382 (2d Cir. 2016).  Unlike in *Yong*, the Court

16  would not be creating an indefinite stay.  On November 28, 2016, the Supreme Court heard oral

17  arguments in *Beckles*.  Courts anticipate that the Supreme Court will issue a decision in *Beckles* by

18  the end of June 2017 at the latest.  See United States v. Vaughn, 2016 U.S. Dist. LEXIS 176254,

19  *5 (E.D. Mich. Dec. 21, 2016); United States v. Taylor, 2016 U.S. Dist. LEXIS 154148 (D. Ariz.

20  Nov. 4, 2016); United States v. Johnson, 2016 U.S. Dist. LEXIS 98784, *6 n.1 (S.D. Ohio July 28,

21  2016).  In other words, in five months or less, *Beckles* should be resolved, and the stay in this case

22  will be lifted.[1]  If the Supreme Court does not decide *Beckles* by the end of June 2017, then the

23  Court will either lift the stay or issue an order to show cause why the stay should not be lifted.  Cf.

24  Mumphrey, 2016 U.S. Dist. LEXIS 170814 at *4.

25

26  [1] Petitioner emphasizes that the Ninth Circuit disapproved of a five month stay.  However, that is not how the Court reads *Yong*.  The Ninth Circuit appears to have found a five month stay to be not particularly lengthy because it said the stay "had *only* lasted five months."  Yong, 208 F.3d at 1119 (emphasis added).  Rather, the key was the indefinite

27  nature of the stay.  See Yong, 208 F.3d at 1120-21.  As crafted, the *Yong* stay would have remained in place throughout the entire appellate process.  See id. at 1120.  This could have entailed time at the Supreme Court and

28  additional time with the Ninth Circuit.  See id. at 1120-21.  There was no indication of when the stay would actually expire.  See id. at 1119-21.  In contrast, the stay that the Court is imposing is not indefinite.

1    Finally, Petitioner has not shown how he will be prejudiced by a stay pending *Beckles*.

2    Petitioner contends that the Ninth Circuit's orders in *Gardner* and *Jacob* show that a stay would

3    be prejudicial and perhaps amount to the suspension of habeas corpus.  However, as discussed

4    above, *Gardner* and *Jacob* are short unpublished orders that do not discuss the ability of the

5    district court to stay proceedings, and courts within and outside of the Ninth Circuit have been

6    imposing stays pending *Beckles*.  Further, the stay that is envisioned by the Court should expire by

7    the end of June 2017, less than six months from today.  Prejudice to Petitioner is not apparent.

8    The Court recognizes that some courts have denied stays where it appeared that the

9    petitioner would have already served a period of time in excess of the likely new sentence.  E.g.

10   United States v. Anderson, 2016 U.S. Dist. LEXIS 109461, *4-*5 (N.D. Cal. Aug. 17, 2016);

11   Collins v. United States, 2016 U.S. Dist. LEXIS 148038, *3-*4 (S.D. W. Va. Oct. 26, 2016);

12   United States v. Casas, 2016 U.S. Dist. LEXIS 136271, *4 (E.D. Cal. Sept. 30, 2016).  Here,

13   although sentencing ranges are mentioned in Petitioner's brief, the parties do not address the issue

14   in a meaningful way.  If Petitioner believes that he can show at least "a fair possibility," see

15   Dependable Highway Exp., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007), that

16   he will have "out served" a new sentence if his current sentence is vacated under *Johnson*/*Beckles*,

17   then Petitioner may file a motion to lift the stay that properly explores the issue.

18

19                                   **ORDER**

20          Accordingly, IT IS HEREBY ORDERED that:

21   1.     Petitioner's motion to lift stay is DENIED without prejudice; and

22   2.     This case remains STAYED until the Supreme Court issues its decision in *Beckles*.[2]

23

24   IT IS SO ORDERED.

25   Dated:   January 20, 2017          _____

                                        SENIOR  DISTRICT  JUDGE
26

27   _____

28   [2] Again, Plaintiff may move to lift this stay under the circumstances described above, or if there is a change in circumstances that would warrant lifting the stay.  Further, if the Supreme Court does not issue a decision by the end of June 2017, the Court will issue further orders, as discussed above.

                                          6