# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff - Respondent,<br><br>　v.<br><br>LEONARD CHARLES BROWN, JR.,<br><br>　　　　　Defendant - Petitioner. | **CASE NO. 1:12-CR-0357-AWI**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

## I. Introduction

Defendant Leonard Brown, Jr. ("Defendant"), brings the instant motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that his sentence is constitutionally infirm in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) ("*Johnson II*"), regarding the residual clause of the Armed Career Criminal Act ("ACCA"). Specifically, Defendant contends that his conviction for forcible attempted escape from custody in violation of California Penal Code § 4532(b)(2) no longer qualifies as a "crime of violence" under § 4B1.2(a) of the United States Sentencing Guidelines ("USSG") because the offense does not contain "as an element the use, attempted use or threatened use of physical force against the person of another" and is not one of the enumerated offenses listed under § 4B1.2(a)(2). Doc. 36 at 13.

For the following reasons, Defendant's motion will be denied

## II. Factual Background

Defendant was charged on October 18, 2012, in a single-count indictment, with bank robbery in violation of 18 U.S.C. § 2113(a). Bank robbery is a crime of violence within the meaning of USSG § 4B1.2 because it involves the use or threatened use of force. On April 10, 2013, Defendant entered a guilty plea pursuant to a plea agreement with the United States, whereby Defendant pled guilty to the count charged.

To assist the sentencing court, the United States Probation department ("Probation") prepared a presentence investigation report, identifying Defendant's prior convictions for purposes of calculating his criminal history category and sentencing guideline range. Relevant to this action, Defendant was first convicted of possession of marijuana for sale in Oakland, California, on May 27, 2005. Probation identified this conviction as a "controlled substance offense" within the meaning of USSG § 4B1.2(b) and the sentencing court agreed.[1] Second, Defendant was convicted of attempted escape from custody "by force or violence," a felony. Cal. Penal Code § 4532(b)(2) ("If the escape or attempt to escape [from law enforcement custody] is committed by force or violence, the person is guilty of a felony.") The sentencing court determined that this conviction is a "crime of violence" within the meaning of the residual clause of then-existing version of USSG § 4B1.2(a)(2) because it "involve[d] conduct that present[ed] a serious potential risk of physical injury to another."[2] *See* Doc. 34 at 17, 23. Because the Defendant was older than eighteen years of age at the time of the bank robbery offense, because bank robbery is a crime of violence, and because Defendant had two prior felony convictions for a crime of violence or controlled substance offense, Defendant was appropriately sentenced as a career offender pursuant to USSG § 4B1.1.

Because the statutory maximum sentence for a conviction for bank robbery in violation of 18 U.S.C. § 2113(a) is twenty years, the career offender sentencing scheme of USSG § 4B1.1(b) set defendant's base offense level at 32. Applying a three-level downward departure for

---

[1] Defendant did not object at sentencing, *see* Doc. 34 at 4, and does not object now, Doc. 36, to the characterization of the possession of marijuana for sale conviction as a controlled substance offense.
[2] Sectoin 4B1.2 has since been modified to remove the so-called residual clause. *See* USSG § 4B1.2(a)(2).

acceptance of responsibility pursuant to USSG § 3E1.1(a) and (b), the Court arrived at a total offense level of 29. Doc. 34 at 23. Defendant's criminal history category is VI. The resulting guideline range was 151 to 188 months. The sentencing court varied downward from the guideline range in light of the defendant's documented history of mental health problems, imposing a sentence of 120 months. Doc. 34 at 25.

### III. Legal Standard

Section 2255 allows a prisoner in federal custody to move the sentencing court to vacate, set aside or correct the sentence if he claims the right to be released upon any of the following four grounds: 1) the sentence was imposed in violation of the Constitution or laws of the United States; 2) that the court was without jurisdiction to impose such sentence; 3) that the sentence was in excess of the maximum authorized by law; or 4) is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

Under Rule 4(b) of the Rules Governing Section 2255 proceedings, the court must initially screen a Section 2255 motion, and dismiss it summarily if it plainly appears that the moving party is not entitled to relief. See *U.S. v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986). "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal." 28 U.S.C. § 2255 Proc. R. 4(b). The court shall serve notice of the motion upon the U.S. Attorney and grant a hearing on the motion unless the motion and the record of the case "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

"The facts in a habeas petition need not be so detailed as to establish prima facie entitlement to habeas relief; they are sufficient if they suggest the real possibility that constitutional error has been committed." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996). A defendant "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Id.*

///

///

## IV. Discussion

At the time of Defendant's sentencing, a crime could qualify as a "crime of violence" in three ways: : (1) by containing as an element use or attempted use of force, (2) by being one of the enumerated offenses, or (3) by "involv[ing] conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a) (2013).[3] Defendant's prior conviction for attempted escape from custody fell within the final category—the residual clause.

The United States Supreme Court considered a vagueness challenge to the similarly framed residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), in *Johnson v. United States*, --- U.S. ----, 135 S.Ct. 2551 (2015) ("*Johnson II*"). In *Johnson II*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in fixing the permissible sentence for crimes punishable under the ACCA. Based on *Johnson II*, Defendant asked this Court to find that application of the residual clause of § 4B1.2(a)(2) suffered from the same defect.

On July 6, 2016, this Court stayed this action pending resolution of several related claims then-pending before the Ninth Circuit. Doc. 38. On March 8, 2016, this Court lifted the stay of this action in light of the Supreme Court's decision in *Beckles v. United States*, --- U.S. ----, 137 S.Ct. 886 (2017), resolving the exact question at issue here—whether the Sentencing Guidelines are subject to vagueness challenges under the Due Process Clause. Doc. 44. The Supreme Court answered that question in the negative; the Guidelines are not subject to vagueness challenges; "§ 4B1.2(a)(2) therefore is not void for vagueness." *Beckles*, 137 S.Ct. at 892. The Court afforded Defendant "30 days in which to file a response to *Beckles*." Doc. 44.[4] Counsel for Defendant filed a notice of non-supplementation.

Defendant's motion is premised entirely upon the argument that the *Johnson II* holding—that the ACCA's residual clause is unconstitutionally vague—applies equally to the sentencing guidelines. *See* Doc. 36 at 17. That argument has been conclusively resolved in favor of the United States. Defendant's argument fails; his prior felony conviction for attempted escape from

---

[3] USSG § 4B1.2 was amended on August 1, 2016, to remove the residual clause and modify the enumerated offenses that qualify as crimes of violence. *See* USSG § 4B1.2.
[4] The Court later extended time for Defendant to file a response. Doc. 46.

4

custody is a crime of violence. Defendant was correctly sentenced.

Next, the Court declines to issue a certificate of appealability. A federal prisoner seeking to vacate his conviction has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—[¶]
>
>   (B) the final order in a proceeding under section 2255.
>
>   (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>   (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a defendant's motion to vacate, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the defendant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

///

///

///

In the present case, the Court finds that Defendant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court will decline to issue a certificate of appealability.

## V. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendant's motion to vacate is DENIED;
2. The Court DECLINES to issue a certificate of appealability.

The Clerk of the Court is respectfully directed to close this case.

IT IS SO ORDERED.

Dated: May 11, 2017

_____
SENIOR DISTRICT JUDGE