# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br>LEONARD BROWN, JR.,<br><br>    Defendant.<br>_____/ | 1:12-cr-00357-AWI<br><br>**ORDER DISMISSING FOR LACK OF JURISDICTION PETITIONER'S SUCCESSIVE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**<br><br>(Doc. 51) |

This matter arises from the conviction by guilty plea of Defendant Leonard Brown, Jr. ("Defendant"). Defendant was sentenced to 120 months of imprisonment for bank robbery in violation of 18 U.S.C. § 2113(a). *See* Doc. 27 at 1. On June 24, 2016, Defendant filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Doc. 36. After imposition and lifting of a stay pending resolution of *Beckles v. United States*, --- U.S. ----, 137 S.Ct. 886 (2017), the Court denied relief on May 12, 2017. Doc. 48. The Court explained that "the [Sentencing] Guidelines[—unlike the Armed Career Criminal Act—do not fix the permissible range of sentences] and are [accordingly] not subject to vagueness challenges; '§ 4B1.2(a)(2) therefore is not void for vagueness.'" Doc. 49 at 4 (quoting *Beckles*, 137 S.Ct. at 892). Defendant filed a second such motion on April 30, 2018. Doc. 51. Defendant's second motion raises the same argument, this time premised upon *Sessions v. Dimaya*, --- U.S. ----, 138 S.Ct. 1204 (2018), where the United States Supreme Court held that 18 U.S.C. § 16(b)'s definition of a

"crime of violence" is unconstitutionally vague in light of the reasoning originally articulated in *Johnson v. United States*, 576 U.S. ----, 135 S.Ct. 2551 (2015).

Defendant has not sought authorization from the Circuit Court to file a successive motion. The governing rule for filing a "second or successive" motion for federal prisoners is set forth in 28 U.S.C. § 2255(h):

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Absent certification by the Circuit Court, this Court is without jurisdiction over a successive § 2255 motion and may not consider the merits. *Wood v. Ryan,* 759 F.3d 1117, 1120 (9th Cir. 2014) (citing *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001)). Because the Circuit Court has not authorized this successive motion, this Court is without jurisdiction to hear it.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to vacate set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is dismissed.

IT IS SO ORDERED.

Dated:  May 8, 2018                    _____
                                       SENIOR DISTRICT JUDGE