UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>LEONARD BROWN, JR.,<br><br>Defendant | CASE NO. 1:12-CR-0357 AWI BAM<br><br>ORDER APPOINTING FEDERAL DEFENDER'S OFFICE REGARDING MOTION FOR COMPASSIONATE RELEASE<br><br>(Doc. No. 54) |

On October 5, 2020, Defendant Leonard Brown, Jr., appearing pro se, moved to modify his prison sentence through 18 U.S.C. § 3582(c).  See Doc. No. 35.  Pursuant to Eastern District of California General Order No. 595, defendant's motion was referred to the Federal Defender's Office for the Eastern District of California.  On October 22, 2020, the Federal Defender's Office informed the Court that it would stand on Defendant's motion without supplementation.  See Doc. No. 56.  Upon review, the Court does not find that a response from the United State is necessary.  Instead, the Court finds that compassionate release under § 3582 is unwarranted.

*Background*

On April 15, 2013, Defendant pled guilty to violation of 18 U.S.C. § 2113, bank robbery.

On June 26, 2013, Defendant was sentenced to a 120 month term of imprisonment and 60 months of supervised release.

In May 2017 and May 2018, the Court denied two 28 U.S.C. § 2255 petitions.

Defendant states that he has a projected release date of September 2021.

Defendant is currently incarcerated in USP Tucson.  On August 18 and 19, 2020, Defendant submitted a request to the warden of the Tucson prison for compassionate release. Defendant points out that more than 30 days have passed since Defendant submitted his request.

*Defendant's Argument*

Defendant argues that he is near his release date, yet the Covid 19 restrictions that are in place have impeded various programming efforts. With the Covid 19 pandemic, the BOP and facilities face new dangers and burden. Releasing defendant would help to reduce the inmate population and reduce the stress on the BOP system. Defendant also argues that he has engaged in substantial rehabilitative efforts, he is not a danger to the community, and he has a viable release plan. Therefore, compassionate release should be granted.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

After review, the Court will deny the motion for two reasons.

First, the Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days

from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. United States v. Howard, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); Howard, 2020 U.S. Dist. LEXIS 113628 at *5; United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A). See United States v. Falaaga, 2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein). This Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language as creating a limited futility exception. See id.; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same). Under this view, if there is no response

1  within 30 days of submission of a request for compassionate release, a defendant at that point may
2  proceed to court without further administrative action, but, if there is a timely response, the 30 day
3  lapse language has no application and the defendant must follow the otherwise applicable
4  administrative procedures and appeal the denial.  See id.

5       Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See
6  Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Addison, 2020 U.S. Dist. LEXIS
7  143518, *4 (E.D. La. Aug. 11, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854,
8  *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant has not explained when and
9  what actions the warden took.  Without that information, the Court cannot determine whether
10 exhaustion has occurred and thus, whether jurisdiction exists.  Simply alleging that 30-days have
11 lapsed from the submission of a § 3582(c)(1)(A) request, irrespective of any action by the warden,
12 is insufficient.    Therefore, Defendant has not met his burden, and the Court must deny his
13 motion.  See Gallo Cattle, 159 F.3d at 1197; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11;
14 Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Howard, 2020 U.S. Dist. LEXIS 113268 at
15 *5; Smith, 2020 U.S. Dist. LEXIS 113423 at *16;  Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

16      Second, and in the alternative, even if the Court were to conclude that Defendant met his
17 burden of demonstrating exhaustion and jurisdiction, the Court would not find that he has
18 demonstrated that extraordinary and compelling reasons justify compassionate release.  Defendant
19 candidly admits that he does not have any medical conditions that place him at risk for severe
20 illness from Covid 19.  While there is no doubt that the BOP is under additional pressures from
21 Covid 19, that pressure is not by itself an extraordinary and compelling circumstance.  Further,
22 while the Court commends Defendant on his rehabilitation efforts, the Court cannot hold that
23 those efforts by themselves are sufficient for purposes of § 3582(c)1)(A). In the absence of
24 extraordinary and compelling circumstances, relief under § 3582(c)(1)(A) is not warranted.

25      In sum, because Defendant has not shown that he has exhausted his administrative
26 remedies or that he faces extraordinary and compelling circumstances that justify compassionate
27 release, the Court will deny Defendant's § 3582(c)(1)(A) motion.

28

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 54) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   October 28, 2020                                    _____
                                                                                    SENIOR  DISTRICT  JUDGE

5